UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD PITTS,<br>    Plaintiff, | : | Case No. C2 04 1137 |
| vs. | :<br>:<br>: | Judge Holschuh<br>Magistrate Judge King |
| AMYLIN PHARMACEUTICALS, INC. *et al.*, | : | **STIPULATED PROTECTIVE ORDER** |
|     Defendants, | : | |

    This Protective Order regarding discovery of any form whatsoever that concerns the information listed below, is entered pursuant to Federal Rule of Civil Procedure 26(c).  The Court hereby orders that such discovery should be subject to the following terms and conditions:

    1.    That discovery provided pursuant to this Protective Order, including but not limited to: (1) all personnel files, notes, letters, correspondence, memoranda, records, billing records, work papers, and other information referring or relating in any manner to any and all of Defendant Amylin Pharmaceuticals, Inc.'s current or former employees, and (2) any and all documents and/or information relating in any manner to Defendant's policies and procedures, business operations and/or financial data shall not be shown to, furnished to, or otherwise disclosed to anyone other than the Court, Plaintiff, Defendant, counsel of record, and persons directly assisting counsel of record.  For purposes of this Protective Order, the phrase "persons directly assisting counsel of

record" means other persons employed in the counsel of record's office and experts or outside consultants retained by counsel of record to assist in the preparation of their case.

2. All copies of documents and discovery provided pursuant to this Protective Order shall be stamped in advance with the legend, "Subject to Protective Order," or so noted upon an accompanying document which reasonably describes the discovery so designated.

3. That the Plaintiff, Defendant, counsel of record and persons directly assisting counsel of record shall not show, furnish, or otherwise disclose discovery provided pursuant to this Protective Order, or any other discovery designated with the legend, "Subject to Protective Order," or so noted upon an accompanying document which reasonably describes the discovery so designated, to anyone other than the Court or each other.

4. That the discovery provided pursuant to this Protective Order, and/or the data and information contained therein, and any other discovery designated with the legend "Subject to Protective Order," or so noted upon an accompanying document which reasonably describes the materials so designated, if filed with the Court as exhibits to depositions or as trial exhibits or as exhibits to a pleading, motion, memoranda, brief or other documents, shall be filed under seal and shall be accessible to the Court, Plaintiff, Plaintiff's counsel of record, Defendant, and Defendant's counsel of record.

5. That any and all copies of discovery provided pursuant to this Protective Order and/or the data and information contained therein, and any other discovery designated with the legend, "Subject to Protective Order," or so noted upon an accompanying document which reasonably describes the discovery so designated in the possession of persons other than the Court shall be returned to respective counsel of record upon the completion of Case No. C2 04 1137.

6. That the discovery provided pursuant to this Protective Order and/or the data and information contained therein and any other discovery designated with the legend, "Subject to Protective Order," or so noted upon an accompanying document which reasonably describes the discovery so designated shall not be used for any purpose other than preparation and presentation of the Plaintiff's and Defendant's case and shall not be used in any lawsuit, claim, or cause of action other than Case No. C2 04 1137.

7. That any person directly assisting counsel of record to whom the discovery is provided pursuant to this Protective Order and/or the information contained therein, and any other discovery designated with the legend, "Subject to Protective Order," or so noted upon an accompanying document which reasonably describes the discovery so designated, is shown, furnished, or otherwise disclosed, shall be shown a copy of this Protective Order and shall be subject to its terms.  He or she shall also acknowledge his or her understanding of the Order by signing a copy of the same in counsel's possession.

8. That the parties acknowledge and understand that the Court retains its inherent right to alter the provisions of this Protective Order when the Court believes the interests of justice will be served by any such alteration.

          SO ORDERED,

Date: <u>September 29, 2005</u>        <u>*s/Norah McCann King*</u>
          Magistrate Judge King

SO STIPULATED:

| | |
|---|---|
| <u>/s/ Gary A. Reeve (1164872)</u> | <u>/s/ Michael W. Hawkins (0012707)</u> |
| Gary A. Reeve (0064872) | Michael W. Hawkins (0012707) |
| Kennedy Reeve & Knoll | Charles S. Crase (0078114) |
| 98 Hamilton Park | Dinsmore & Shohl LLP |
| Columbus, Ohio 43203 | 1900 Chemed Center |
| (614) 228-2050 - Telephone | 255 East Fifth Street |
| (614) 228-3320 - Fax | Cincinnati, OH  45202 |
| greeve@krkattorneys.com | (513) 977-8200 - Telephone |
| | (513) 977-8141 - Fax |
| Attorney for Plaintiff | michael.hawkins@dinslaw.com |
| Ronald Pitts | shane.crase@dinslaw.com |
| | |
| | Attorneys for Defendants |
| | Amylin Pharmaceuticals, Inc. and Mark Addison |

-4-

1186231v1

-5-